## JAMES FOWLER, Executor, *versus* CALEB RICE.

In pursuance of an agreement between the vender and the purchaser of certain land and the defendant, who became surety for the purchaser on a promissory note, the land was conveyed to the defendant, and at the same time the defendant executed a bond to the purchaser, conditioned that he should convey the land to the purchaser whenever the purchaser should indemnify him against his liability on such note. It was *held*, that as this Court had not full chancery powers in respect to mortgages, the conveyance to the defendant and the bond could not be deemed to constitute a mortgage, and that the fee in the land vested in the defendant, absolutely.

In such case, the purchaser, being in possession of the premises, mortgaged them, by a warranty deed, to one person and afterwards assigned the bond to another. It was *held*, that the mortgagee was not entitled to claim specific performance of the condition of the bond.

BILL in equity. The bill sets forth, that on July 6, 1819, Wareham Pease bargained with Elijah Farnam for the purchase of certain real estate in Westfield, of the value of $600; that in pursuance of an agreement made between Pease, Farnam and the defendant, on the same day, Farnam, on August 16, 1819, conveyed the real estate to the defendant, to secure him against liability on a promissory note for the sum of $200, dated July 6, 1819, which was signed by the defendant as surety for Pease; that on the same 16th day of August, and in pursuance of the same agreement, the defendant executed a bond to Pease, conditioned, that he should convey the real estate to Pease and his assigns, whenever Pease should indemnify him against his liability upon such note; that afterwards a new note for the sum of $200, dated September 23, 1820, and signed by Pease as principal and the defendant as surety, was substituted for the original note; that on May 24, 1823, this note being unpaid and the defendant having been put to no damage or expense in or about the same, Pease, who was then in the occupancy of the premises,

by a warranty deed, duly recorded, on May 26, 1823, mortgaged them to Samuel Fowler, the plaintiff's testator, by virtue of which deed of mortgage the testator became the assignee of the bond from the defendant to Pease and entitled to the rights of Pease therein, which rights, by the last will of the testator, vested in the plaintiff ; that this mortgage was in full force ; that on May 8, 1834, the plaintiff entered upon the mortgaged premises and had ever since retained possession thereof, for breach of the condition of the mortgage ; that on December 26, 1834, the plaintiff tendered to the defendant the amount due on the note, exhibited to him the deed of Pease, and demanded of him a deed of the premises, but that the defendant refused to execute such deed, although he was seised of the premises, and had never been damnified by reason of having become surety for Pease. Wherefore the plaintiff prays, that the defendant may be compelled to convey all his right and title to such real estate to the plaintiff, as executor, and for such other and further relief &c.

The answer of the defendant set forth, that on August 29, 1834, the agent of Joseph Merwin presented to the defendant the bond referred to in the bill and an assignment thereof by Pease to Merwin, which was dated January 30, 1834, and tendered the note for $200, as paid by him as such agent, and demanded a deed of the premises ; and that on April 23, 1835, the defendant executed such deed, according to the condition of the bond.

*R. A. Chapman*, *Ashmun* and *W. G. Bates*, for the plaintiff. By the deed from Farnam to the defendant and the bond of defeasance executed by the defendant, Pease acquired an equitable interest in the land which was equivalent to that of a mortgager ; and as the mortgage by Pease to the testator operated as an assignment of such equitable interest, the plaintiff 's entitled to redeem. *Kelleran* v. *Brown*, 4 Mass. R. 143 , *Proprietors of No. Six* v. *McFarland*, 12 Mass. R. 325 ; *Little* v. *Pearson*, 7 Pick. 301 ; *Carey* v. *Rawson*, 8 Mass. R. 159 ; *Ayer* v. *Bartlett*, 6 Pick. 71 ; 4 Kent's Comm. (2d edit.) 141, 142 ; *Strong* v. *Stewart*, 4 Johns. Ch. R. 167 ; *Whittick* v. *Kane*, 1 Paige's Ch. R. 202 ; *Southerin* v. *Mendum*, 5 N. Hampsh. R. 420 The assign-

9 *

Fowler
*v.*
Rice

ment of the bond to Merwin, by Pease, after the mortgage to Samuel Fowler, was fraudulent on the part of Pease ; and as the assignee had notice of such mortgage from the record of the deed, the assignment was void as to him. If Sam el Fowler had the slightest interest, when the defendant conveyed to Merwin, this would put an end to Merwin's title.

The defendant was bound to convey to the plaintiff. If he had conveyed to Pease, Pease would not have acquired a valid title ; for it would have vested in the plaintiff by estoppel. So the conveyance to Merwin as the assignee of Pease, operated either as a conveyance to us, or was void. 5 Dane's Abr. 383 ; *Stow* v. *Wyse,* 7 Connect. R. 220 ; *Somes* v. *Skinner,* 3 Pick. 52.

The plaintiff is entitled to specific performance of the condition of the bond. The mortgage of the land was equivalent to an assignment of the bond ; for the assignment of the thing itself must be as effectual as an assignment of the muniment merely. *Ensign* v. *Kellogg,* 4 Pick. 1 ; *Ayer* v. *Bartlett,* 6 Pick. 71 ; 1 Madd. Ch. Pr. 229 ; *Porter* v. *Millet,* 9 Mass. R. 101.

*Blair* and *Collins,* for the defendant, as to the interest acquired by Pease in the land by virtue of the bond, cited *Storer* v. *Batson,* 8 Mass. R. 431 ; *Proprietors of No. Six* v. *McFarland,* 12 Mass. R. 325 ; to the point, that in order to constitute a legal assignment of a chose in action, the evidence of it must be delivered to the assignee, Jacob's Law Dict. *Assignment ; Perkins* v. *Parker,* 1 Mass. R. 117 , *Mowry* v. *Todd,* 12 Mass. R. 281 ; *Jones* v. *Witter,* 13 Mass. R. 304 ; *Dunn* v. *Snell,* 15 Mass. R. 481 ; and that the bond could not pass as an incident to the mortgage to Samuel Fowler, Jacob's Law Dict. *Incident ; Martin* v *Mowlin,* 2 Burr. 978 ; *Parsons* v. *Welles,* 17 Mass. R. 419 *Johnson* v. *Hart,* 3 Johns. Cas. 322 ; *Crane* v. *March,* 4 Pick. 131 ; *Merrill* v. *Brown,* 12 Pick. 216.

WILDE J. drew up the opinion of the Court. On the facts in the case the plaintiff contends that he has a right to redeem as in case of a mortgage, the estate having been conveyed to the defendant as a pledge or security ; and that his bond to Pease may be considered in a court of equity as a

defeasance of the deed to him from Farnam. This might be admitted if this Court had full chancery powers in respect to mortgages. But the powers of the Court in this respect, are very limited ; and although by the *St.* 1817, *c.* 87, we have jurisdiction as a court of equity in all cases of trusts arising under deeds, yet this statute has never been held to apply to mortgages. We are therefore of opinion, that by our laws the fee in the premises, by the deed from Farnam to the defendant, vested absolutely in the grantee, and that the bond from him to Pease cannot operate as a defeasance, so as to convert it into a mortgage.

Nor has the plaintiff any right to claim specific performance of the condition of the bond ; for he is not the assignee of Pease. The bond has been assigned by him to one Merwin, who has demanded a deed of the premises, and to whom the defendant has conveyed the same, as he was bound to do.

*Bill dismissed.*